No. 16-11167

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS
OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP.,
COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2001-
C1, BY AND THROUGH ITS SPECIAL SERVICER, CWCAPITAL ASSET
MANAGEMENT LLC,

APPELLANT,

V.

TRANSCONTINENTAL REALTY INVESTORS, INC.,

APPELLEE.

## APPELLANT'S BRIEF

GREGORY A. CROSS
BRENT W. PROCIDA
VENABLE LLP
750 E. PRATT STREET – SUITE 900
BALTIMORE, MARYLAND 21202
TELEPHONE: (410) 244-7400
FAX: (410) 244-7742

SUSAN B. HERSH
122770 COIT ROAD, SUITE 1100
DALLAS, TEXAS 75251
TELEPHONE: (972) 503-7070
FACSIMILE: (972) 503-7077

ATTORNEYS FOR APPELLANT

# CERTIFICATE OF INTERESTED PERSONS

Cause No. 16-11167 – Wells Fargo Bank, N.A., as Trustee v. Transcontinental Realty Investors, Inc.

The undersigned counsel of record certifies that the following listed persons and entities are described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2001-C1 –Appellant

Wells Fargo Bank, N.A., Master Servicer for Appellant

CWCapital Asset Management, LLC – Special Servicer for Appellant

Transcontinental Realty Investors, Inc. – Appellee

TCI Courtyard, Inc. – Subsidiary of Appellee and prior owner of the foreclosed property.

Brent W. Procida, Venable LLP – Appellate and trial counsel for Appellant.

Gregory A. Cross, Venable LLP – Appellate and trial counsel for Appellant.

Susan B. Hersh, Susan B. Hersh, P.C. – Trial counsel for Appellant.

C. Gregory Shamoun, Shamoun & Norman LLP. – Trial Counsel for Appellee.

Eric A. Liepins, P.C. – Bankruptcy counsel for TCI Courtyard, Inc.

The Honorable Stacy G. Jernigan – Judge in the United States Bankruptcy Court, Northern District of Texas (Dallas) – Judge in chapter 11 case of TCI Courtyard, Inc.

The Honorable Sam A. Lindsay – Judge in the United States District Court, Northern District of Texas Dallas Division – Judge on appeal of decision in the bankruptcy of TCI Courtyard, Inc.

The Honorable David L. Horan – Magistrate Judge in the United States District Court, Northern District of Texas Dallas Division

/s/ Brent W. Procida
Brent W. Procida

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant believes that the Court would benefit from oral argument in light of confusion created by the Supreme Court's recent decision in Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1116 (2016), the inconsistency between the trial court's decision and other decisions construing Americold and the importance of this issue to a variety of common law trusts.

# TABLE OF CONTENTS

Certificate of Interested Persons..............................................................i

Statement Regarding Oral Argument.....................................................ii

Table of Contents...............................................................................iii

Index of Authorities.......................................................................... iv

Statement of Jurisdiction ....................................................................1

Issues Presented................................................................................2

Statement of the Case .......................................................................2

Standard of Review............................................................................5

Summary of Argument .......................................................................6

Argument and Authorities ..................................................................9

    I.    The Supreme Court's holdings in Navarro, Carden and
        Americold...................................................................9

    II.   The District Court's holding is irreconcilable with Navarro
        and its progeny..........................................................12

        A. The Trust is a New York common law trust...........13

        B. The Trust is not a distinct legal entity that can sue or be
          sued .....................................................................16

        C. The Plaintiff is an "active" Trustee ........................20

    III.  The District Court's decision conflicts with other post-
        Americold decisions...................................................21

Conclusion.......................................................................................23

Prayer ............................................................................................24

Certificate of Service .......................................................................25

Certificate of Compliance .................................................................26

# INDEX OF AUTHORITIES

**Page(s)**

## Cases

Americold Realty Trust v. Conagra Foods, Inc.,
136 S.Ct. 1012 (2016) ............................................................... passim

Anh Nguyet Tran v. Bank of N.Y.,
No. 13-cv-580 (RPP), 2014 WL 1225575 (S.D.N.Y. Mar. 24,
2014), aff'd, 610 F. App'x 82 (2d Cir. 2015) ......................................17

Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of
Albany, N.Y. Citation,
250 F.Supp.2d 48 (N.D.N.Y. 2003) ....................................................18

Bank of Am., N.A. v. 3301 Atlantic, LLC,
2012 WL 2529196 (E.D.N.Y. June 29, 2012) ...............................19, 21

The Bank of New York Mellon, as Trustee for the Benefit of
the Certificateholders of CWABS, Inc., Asset Backed
Securities, Series 2004-2 v. Townhouse South Association,
Inc., 2016 WL 3563503 *3 (D. Nev. June 29, 2016 .......................7, 22

Blackrock Allocation Target Shares v. Deutsche Bank Nat'l
Trust Co.,
No. 14CV09367RMBSN, 2016 WL 269570 (S.D.N.Y. Jan.
19, 2016) ...........................................................................................15

Carden v. Arkoma Assoc.,
494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)................10, 11

In re Doman,
68 A.D.3d 862, 890 N.Y.S.2d 632 (N.Y. App. Div. 2009) ...................14

East River Savings Bank v. Samuels,
284 N.Y. 470, 31 N.E.2d. 906 (1940)..................................................18

Fixed Income Shares: Series M v. Citibank N.A.,
130 F. Supp. 3d 842, 845 (S.D.N.Y. 2015) .......................................8, 15

In re Fontanella's Estate,
 33 A.D.2d 29, 304 N.Y.S.2d 829 (N.Y. App. Div. 1969) ..................... 14

Halley v. Deustche Bank Nation Trust Co., as Trustee for
 Morgan Stanley Abs Capital I Inc., Trust 2004-he3,
 Mortgage Pass Through Certificiates, Series 2004-he3, et
 al.,
 2016 WL 3855872 (S.D. Tex. July 15, 2016) ...................................... 22

HSBC Bank USA, National Association, as Trustee for
 Deutsche Alt-A Securities Inc. Mortgage Loan Trust,
 Mortgage Pass-Through Certificates Series 2007-1 v.
 Johnson, 2016 WL 1626219 (S.D. Tex. April 25, 2016) ...................... 22

Krim v. pcOrder.com, Inc.,
 402 F.3d 489 (5th Cir. 2005) ............................................................... 6

LaSalle Bank Nat. Ass'n v. Lehman Bros. Holdings,
 237 F. Supp. 2d 618 (D. Md. 2002) ............................................... 20, 21

LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,
 180 F. Supp. 2d 465 (S.D.N.Y. 2001) ................................................. 19

In re Manarra,
 5 Misc.3d 556, 785 N.Y.S.2d 274 (N.Y. Sur. Ct. 2004) ...................... 14

Millennium Partners, L.P. v. U.S. Bank Nat. Ass'n,
 No. 12 CIV 7581 HB, 2013 WL 1655990 (S.D.N.Y. Apr.
 17, 2013) ("Defendant Trust is a common law trust
 established under New York law pursuant to the terms of
 a PSA effective as of August 1, 2006, and it has issued
 several classes of residential mortgage backed
 securities.") ........................................................................................ 15

Navarro Sav. Ass'n v. Lee,
 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980) ............. passim

O'Brien v. Jackson,
 5 Bedell 31 (N.Y. 1901) ...................................................................... 17

Ronald Henry Land Trust v. Sasmor,
44 Misc. 3d 51, 990 N.Y.S.2d 767 (2d Dep't 2014)...............................17

Royal Bank of Canada v. Trentham Corp.,
665 F.2d 515 (5th Cir. 1981) .............................................................17

Sisler v. Security Pacific Business Credit, Inc.,
201 A.D. 216 (1st Dept. 1994) ...........................................................18

Society Generale v. U.S. Bank National Ass'n,
325 F.Supp.2d 435 (S.D.N.Y. 2004) ...................................................18

Springer v. U.S. Bank N.A.,
No. 15-cv-1107 (JGK), 2015 WL 9462083 (S.D.N.Y. Dec.
23, 2015) .....................................................................................17

U.S. Bank Nat. Ass'n v. DRG Crums Mill RI, LLC,
2013 WL 4500655 (M.D. Pa. Aug. 21, 2013)......................................21

U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC,
859 F. Supp. 2d 602 (S.D.N.Y. 2012) ...........................................19, 21

U.S. Bank v. UBS Real Estate Sec. Inc.,
2016 WL 4690410 (S.D.N.Y. Sept. 6, 2016)...................................8, 22

Walnut Place LLC v. Countrywide Home Loans, Inc.,
35 Misc. 3d 1207(A), 951 N.Y.S.2d 84 (Sup. Ct.), aff'd, 96
A.D.3d 684, 948 N.Y.S.2d 580 (2012) ...............................................15

Wells Fargo Bank, N.A., Tr. v. Konover,
2009 WL 2710229 (D. Conn. Aug. 21, 2009), aff'd 630 F.
App'x 46 (2d Cir. 2015), cert. denied., 136 S. Ct. 1699, 194
L. Ed. 2d 772 (2016) ...........................................................7, 20, 21

Wells Fargo Bank, N.A. v. CCC Atl., LLC,
905 F. Supp. 2d 604 (D.N.J. 2012)....................................................21

Wells Fargo Bank, N.A. v. Mitchell's Park, LLC,
615 F. App'x 561 (11th Cir. 2015)......................................................21

Williams v. Wynne,
    533 F.3d 360 (5th Cir. 2008) ...........................................................5

**Statutes**

28 U.S.C. §1291 ...........................................................................2

28 U.S.C. §1332(a) .......................................................................1

28 U.S.C. §1652 ..........................................................................17

**Other Authorities**

Fed. R. App. P. 32(a)(5)................................................................26

Fed. R. App. P. 32(a)(6)................................................................26

Fed. R. App. P. 32(a)(7)(B)...........................................................26

Fed. R. App. P. 32(a)(7)(B)(iii)......................................................26

Federal Rules of Civil Procedure Rule 17(a)..................................18

James Gadsen, *Closing Opinions for Common law Trusts,*
    ABA Business Law Section, Vol. 15, No. 4 Summer 2016 ..............16

Jonathan J. Ossip, *Diversity Jurisdiction and Trusts,* 89
    N.Y.U. L. Rev. 2301, 2326 (2014) ..............................................12

Md. Corp. & Assoc. Code Ann. at §§ 8–101 et seq.........................14

Md. Corp. & Assoc. Code Ann. at §§ 8–202(a), (b)(iv)-(vi) ..............16

Md. Corp. & Assoc. Code Ann. §§ 8-102, 8-301(2)........................16

N.Y. Gen. Assoc. Law §§ 12-13 (McKinney's 2016)........................18

Rule 28.2.1 .................................................................................. i

## STATEMENT OF JURISDICTION

1.    The Appellant claims that the District Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a) because the adverse parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. The question of whether diversity jurisdiction exists is the subject of this appeal

2.    Appellant/Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo" or "Trustee") is a banking corporation organized and existing under the laws of the United States of America with its main office located in South Dakota, as specified in its Articles of Association. ROA.1. Wells Fargo is Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2001-C1 (the "Trust"). ROA.2.

3.    Appellee/Defendant Transcontinental Realty Investors, Inc. ("TCI") is a public company organized under the laws of the State of Nevada with its principal place of business in Dallas, Texas. ROA.2.

4.    Appellate jurisdiction is proper in this Court pursuant to 28 U.S.C. §1291 because Appellant is appealing a final order disposing of all claims among the parties.

5.    The Judgment appealed from was entered on July 1, 2016.  ROA.313.

6.    The Notice of Appeal was filed on July 25, 2016. ROA.314.

## ISSUES PRESENTED

1.    When a trustee of a New York common law trust files suit in its own name to enforce loan documents held in its name, is the citizenship of the trustee all that matters for diversity purposes?

2.    Is a trustee filing suit in its own name to enforce loan documents in which it holds all right, title and interest "active" as that term was used by the Supreme Court in Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462-466, 100 S. Ct. 1779, 1784, 64 L. Ed. 2d 425 (1980)?

## STATEMENT OF THE CASE

Appellant is the trustee of a New York common law trust formed pursuant to the terms of a Pooling and Servicing Agreement dated December 1, 1986 (the "PSA") and governed by the laws of the State

of New York.  ROA.275, 287.  The PSA provides for the transfer of "all right, title and interest" in certain mortgage loans to the Trustee for the benefit of certificateholders of the Trust.  ROA.276.  The transfer of the mortgage loans is "absolute" and "intended by the parties to constitute a sale."  ROA.276.  The PSA requires the delivery of the mortgage loans to the Trustee, including the original promissory notes and recorded documents.  ROA.276-7.  The Trustee is responsible for confirming delivery of the complete mortgage file and insuring that mortgages, assignments and related lien documents are properly recorded.  ROA. 276-9.  If documents are missing, unrecorded, or otherwise deficient, the Trustee is obligated to prepare an exception report detailing the deficiencies.  ROA.279-80.

Pursuant to the PSA, the Trustee agrees to accept the mortgage loans in good faith and declares that it:

> …holds and will hold such documents delivered and the other documents caused to be delivered by the Mortgage Loan Sellers constituting the Mortgage Files, and that it holds and will hold such other assets included in the Trust Fund, **in trust for the exclusive use and benefit of all present and future Certificateholders**.

ROA.279-80. Consistent with it role as Trustee, the PSA acknowledges that Wells Fargo may filed suit in its own name. ROA.287. Certificateholders are excluded from the management of the Trust. ROA.287. The PSA specifically prohibits interpretation of its terms in any manner "so as to construe the Certificateholders from time to time as partners or members of an association." ROA.287. Further, Certificateholders are prohibited from taking action to enforce any mortgage loan unless a specified percentage of holders have made written demand on the Trustee and the Trustee has refused to file suit in its own name. ROA.287.

Among the mortgage loans owned by Wells Fargo as Trustee is a loan assumed by TCI Courtyard, Inc. ("Courtyard"), a wholly owned subsidiary of the Appellee. ROA.182-186. The payee of the note, assignee of the mortgage, and beneficiary of all other documents related to the mortgage loan is:

> Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2001-C1

ROA.168-174.

Appellee TCI executed a Guaranty of the loan dated April 16, 2008 (the "Guaranty").  ROA.17-30.  Pursuant to the Guaranty, the Appellee is liable for the payment and performance of certain Guaranteed Obligations (as defined in the Guaranty).  ROA.18.  The Guaranteed Obligations include the entire amount owed in the event of any "fraud or material misrepresentation" in connection with the loan and any other amounts "misapplied".  ROA.18.  At closing, Courtyard represented and amended its Articles of Incorporation to state that it did not have and would not incur other debt.  ROA.33,193.  Litigation revealed that on the closing date Courtyard executed a $4,000,000 note payable to its parent, the Appellee, which it then used as a pretext to transfer $460,000 to Appellee in direct violation of an order appointing a receiver.  ROA.39,41,212-214   The Trustee interpreted these acts as a "misrepresentation" in connection with the loan and "misapplication" of funds and accordingly filed this lawsuit to enforce the terms of the Guaranty.  ROA 1-10.

## STANDARD OF REVIEW

Dismissal for lack of subject matter jurisdiction is reviewed de novo.  Williams v. Wynne, 533 F.3d 360, 364 (5th Cir. 2008).

Jurisdictional findings of fact are reviewed for clear error. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).

## SUMMARY OF ARGUMENT

The Court need look no further than the caption to determine the plaintiff in this case: Wells Fargo Bank, N.A., as trustee. "[W]hen a trustee files a lawsuit in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1116 (2016), citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462-466, 100 S. Ct. 1779, 1784, 64 L. Ed. 2d 425 (1980). For purposes of this case, the resulting rule is simple: The Trustee filed suit in its own name, therefore "[its] citizenship is all that matters." *Americold*, 136 S.Ct. at 1016.

The citizenship of trust beneficiaries is only relevant if the Trustee does not have "real and substantial" control over assets titled in its name. *Navarro*, 446 U.S. at 465. The Trustee holds "all right title and interest" to the loan at issue in this case "in trust for the exclusive use and benefit of all Certificateholders." ROA.276, 279. Courts have consistently found that "[t]he plain meaning of these words ordinarily includes the power to bring suit to protect and maximize the value of the

6

interest thereby granted." Wells Fargo Bank, N.A., Tr. v. Konover, 2009 WL 2710229, at *3 (D. Conn. Aug. 21, 2009), aff'd 630 F. App'x 46 (2d Cir. 2015), cert. denied., 136 S. Ct. 1699, 194 L. Ed. 2d 772 (2016).[1]

The District Court failed to conduct any analysis under Navarro and impermissibly concluded that "Wells Fargo is only a nominal or formal party" because the trust is "not a traditional trust, but an unincorporated entity." ROA.305. No other pre- or post-Americold decision has followed this approach where the trustee of a trust comprised of securitized mortgages has filed suit in its own name. See e.g. The Bank of New York Mellon, as Trustee for the Benefit of the Certificateholders of CWABS, Inc., Asset Backed Securities, Series 2004-2 v. Townhouse South Association, Inc., 2016 WL 3563503 *3 (D. Nev. June 29, 2016) ("BNY Mellon is filing a lawsuit in its own name, thus '[its] citizenship is all that matters for diversity.'").

Further, the District Court improperly disregarded New York law in holding that the Trust is an "artificial entity with its own legal existence." ROA.305. The Trust was formed under the common law of

---

[1] The Supreme Court denied certiorari in Konover on April 18, 2016, approximately six weeks after deciding Americold. Konover is directly on point in this matter.

New York, is governed by New York law (ROA.287), and courts routinely treat similar entities as common law trusts. See e.g., Fixed Income Shares: Series M v. Citibank N.A., 130 F. Supp. 3d 842, 845 (S.D.N.Y. 2015) ("The overwhelming majority are New York common law trusts…").

Unlike the Maryland Real Estate Investment Trust ("REIT") at issue in Americold, a New York common law trust has no separate statutory existence as an entity and Navarro forbids any distinction between "traditional" and "business" trusts when analyzing diversity. See U.S. Bank v. UBS Real Estate Sec. Inc., 2016 WL 4690410, at *15 (S.D.N.Y. Sept. 6, 2016) ("The Trusts in this case are not analogous to the investment trust in Americold, and the citizenship of the Trusts' individual members is not relevant to determining diversity jurisdiction"); Navarro, 446 U.S. at 465. Neither the trust documents nor New York law provide any authority for the Trust to file suit on its own. The Trust acts through the Trustee and as such only the citizenship of the Trustee is relevant to determining citizenship for diversity purposes.

# ARGUMENT AND AUTHORITIES

I.  **The Supreme Court's holdings in Navarro, Carden and Americold.**

In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 1784, 64 L. Ed. 2d 425 (1980), the Supreme Court addressed diversity jurisdiction in the context of a suit filed by the trustees of a Massachusetts business trust with over 9,500 shareholders.  446 U.S. at 465.  The trustees filed suit in their own names to enforce commercial loan documents held in their names.  Id. at 459, 460.  The trial court found diversity lacking based on the citizenship of the trust's shareholders.  446 U.S. at 465.  The Supreme Court disagreed and held that where a lawsuit is brought by active trustees whose control over the assets in their names is "real and substantial" the trustees may invoke diversity jurisdiction based on their citizenship alone.  In so holding, the Court expressly rejected any distinction between testamentary trusts and common law "business trusts" stating "**[t]hat the trust may depart from conventional forms in other respects has no bearing upon this determination**. **Nor does [the trust's] resemblance to a**

business enterprise alter the distinctive rights and duties of the trustees." 446 U.S. at 465.[2]

Ten years later, in Carden v. Arkoma Assoc., 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the Supreme Court clarified and reaffirmed Navarro while holding that for diversity purposes a limited partnership has the citizenship of all of its partners, not just its general partners. The limited partnership had argued based on Navarro that it held the citizenship of its general partners alone, just as a trust holds the citizenship of its trustees. The Court rejected this analogy stating "Navarro had nothing to do with the citizenship of the 'trust', since it was a suit by the trustees in their own names." 485 U.S. at 191. In reaching this conclusion the Court discussed Navarro at length but left untouched the basic premises that when a trustee files suit in its own name, its citizenship is all matters for diversity purposes regardless of the purpose or complexity of the trust. Id.

---

[2]     The Supreme Court also suggests in Navarro that "substantial control" is measured against the powers retained by the beneficiaries regardless of whether a trustee delegates certain functions to others. Id. at 464-5 ("Fidelity's 9,500 beneficial shareholders had no voice in the initial investment decision. They can neither control the disposition of this action nor intervene in the affairs of the trust except in the most extraordinary situations.").

Most recently, the Supreme Court revisited the issue of trust citizenship (albeit in dicta) in Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012 (2016). In Americold, the Court refused to limit the citizenship of a statutorily chartered Maryland REIT to that of its "board of trustees", just as in Carden it had refused to limit the citizenship of a limited partnership to that of its general partners.

The Court again rejected any analogy with Navarro, stating that Navarro "reaffirmed a separate rule that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs…". Id. at 1016 (emphasis in original), citing Navarro, 446 U.S. at 465, 100 S.Ct. 1779. The Court emphasized that Americold did not limit or conflict with its earlier holding, stating that Navarro "coexists with our discussion above that when an artificial entity is sued in its name, it takes the citizenship of each of its members." Id. at 1116.

The plaintiff in Americold was not a common law trust, did not file suit in the name of its trustees and as a result has little to do with the rule laid down in Navarro. Ultimately, Americold stands only for the unremarkable proposition that an unincorporated entity has the

citizenship of all of its members and cannot limit its citizenship merely by calling itself a trust.

The continuing vitality of Navarro greatly limits the permissible inquiry of the District Courts on issues of jurisdiction where the trustee of a common law trust files suit in its own name. As stated in one authority cited by the trial court "Given Navarro's clear holding that trustees, when real parties to the controversy, can invoke diversity jurisdiction based on their own citizenships if suing in their own names--even for business trusts--the only question open to the lower courts is how to determine diversity citizenship when the citizenship of the trust itself is at issue." Jonathan J. Ossip, Diversity Jurisdiction and Trusts, 89 N.Y.U. L. Rev. 2301, 2326 (2014). Thus, when a lawsuit is filed in the name of a trustee, a District Court's initial inquiry is limited to determining whether the trustee's control over assets held in its name is "real and substantial." Navarro, at 465. If so, no further inquiry is permitted.

## II.    The District Court's holding is irreconcilable with Navarro and its progeny.

The District Court held that Trust, rather than the Trustee, was the real party in interest for diversity purposes because "[a] careful

12

review of the complaint makes clear that Wells Fargo is only a nominal or formal party suing on behalf of the trust" and "the Trust is not a traditional trust, but an unincorporated entity."  ROA.303, 305.  The District Court further held the citizenship of the beneficiaries to be determinative of jurisdiction even though the Trustee (i) filed suit in its own name; and (ii) is "active" as described by Navarro.  ROA.305-6.  The court appears to have reached this decision based on the complaint alone without regard for the terms of the Trust, without determining whether the Trustee was "active" and without considering New York law.[3]  Moreover, the Court's decision was impermissibly premised on its conclusion that the plaintiff is a "business trust".[4]  ROA.305 ([H]ere, the Trust is also not a traditional trust, but an unincorporated association.").

## A.    The Trust is a New York common law trust.

It was error for the District Court to conclude that the entity at issue in this case is an "unincorporated association" rather than a

---

[3]    The Appellee did not contest the Trustee's right to file suit in its own name in its Motion to Dismiss or Reply.  ROA.256, 294.

[4]    The District Court also distinguishes Navarro on the grounds that human, rather than corporate trustees filed suit in that case.  ROA.307. There is no language in Navarro excluding corporate trustees and although the Supreme Court used human trustees as an example in Americold, there is no language suggesting that it was partially overruling Navarro or limiting its application to humans.

trust.  ROA.305.  Under New York common law, only four elements are required to create a common law trust: (1) a designated beneficiary, (2) a designated trustee who is not the beneficiary, (3) a fund or other identifiable property, and (4) the delivery of the fund or other property to the trustee with the intention of passing legal title to the property to the trustee to hold in trust for the beneficiary.  In re Doman, 68 A.D.3d 862, 863, 890 N.Y.S.2d 632 (N.Y. App. Div. 2009); In re Manarra, 5 Misc.3d 556, 558, 785 N.Y.S.2d 274, 275 (N.Y. Sur. Ct. 2004); In re Fontanella's Estate, 33 A.D.2d 29, 30, 304 N.Y.S.2d 829, 831 (N.Y. App. Div. 1969). New York has no statutory code governing trust formation and no public filing is required.[5]

The Trust was established by and is subject to the terms of the PSA, which created an express trust administered by the Trustee.[6] ROA.276, 279, 287.  The PSA transfers title and provides for delivery of designated mortgage loans (including the loan in this case) to the Trustee

---

[5] This method of trust formation stands in stark contrast to that of statutory trusts, such as the Maryland REIT before the Supreme Court in Americold, which require registration with the Secretary of State in the same manner as corporations.  Md. Corp. & Assoc. Code Ann. at §§ 8–101 et seq.

[6] The PSA is "construed in accordance with the internal laws of the State of New York applicable to agreements made and to be performed in said State, and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws."  ROA.287.

to be held in trust for the Certificateholders as beneficiaries. ROA.276. In short, the PSA created a New York common law trust.

Similar entities have historically been regarded as New York common law trusts. See Fixed Income Shares: Series M v. Citibank N.A., 130 F. Supp. 3d 842, 845 (S.D.N.Y. 2015) ("The overwhelming majority are New York common law trusts, which are governed by Pooling and Service Agreements…"); Millennium Partners, L.P. v. U.S. Bank Nat. Ass'n, No. 12 CIV. 7581 HB, 2013 WL 1655990, at *1 (S.D.N.Y. Apr. 17, 2013) ("Defendant Trust is a common law trust established under New York law pursuant to the terms of a PSA effective as of August 1, 2006, and it has issued several classes of residential mortgage backed securities."); Blackrock Allocation Target Shares v. Deutsche Bank Nat'l Trust Co., No. 14CV09367RMBSN, 2016 WL 269570, at *1 (S.D.N.Y. Jan. 19, 2016) (791 of the Trusts are New York common law trusts ('PSA Trusts"), and the remaining 97 are Delaware statutory trusts"); Walnut Place LLC v. Countrywide Home Loans, Inc., 35 Misc. 3d 1207(A), 951 N.Y.S.2d 84 (Sup. Ct.), aff'd, 96 A.D.3d 684, 948 N.Y.S.2d 580 (2012) ("The certificates held by plaintiffs are, in effect, mortgage-backed securities issued by common-law trusts governed by New York law.").

## B. The Trust is not a distinct legal entity that can sue or be sued.

The District Court's statement that "the record before the Court makes clears that the Trust is an artificial entity with its own legal existence" is incorrect, irrelevant and improperly conflates statutory and common law trusts.[7]  See generally, James Gadsen, Closing Opinions for Common law Trusts, ABA Business Law Section, Vol. 15, No. 4 Summer 2016 (Comparing statutory and common law trusts).

As noted above, Americold involved a REIT formed pursuant to a Maryland statute which required it to, among other things, file a "Declaration of Trust" with the Maryland Department of State, name a "board of trustees", and provide for an annual meeting of shareholders. 136 S.Ct. at 1016; Md. Corp. & Assoc. Code Ann. at §§ 8–202(a), (b)(iv)-(vi).  Most importantly, as noted by the Supreme Court, a Maryland REIT is a "separate legal" entity vested by statute with the power to "[s]ue, be sued, complain and defend in all courts".  136 S.Ct at 1016; Md. Corp. & Assoc. Code Ann. §§ 8-102, 8-301(2).

---

[7]   Whether a "business trust" is a distinct legal entity with authority to file suit in its own name should not be relevant since Navarro dealt specifically with a business trust and makes no mention of its separate existence (or lack thereof) as a factor.  Nevertheless, the District Court's mistaken declaration on this point illustrates its departure from Navarro.

There is no similar statutory existence for common law trusts in New York, where the traditional rule that a trust is not a separate legal entity continues to find expression in numerous areas of the law.[8] For example, New York courts regularly hold that a trust lacks capacity to bring a suit solely in its name. *See Ronald Henry Land Trust v. Sasmor*, 44 Misc. 3d 51, 52, 990 N.Y.S.2d 767 (2d Dep't 2014) (Reversing judgment because the trust lacked capacity to sue except through its trustee); *Springer v. U.S. Bank N.A.*, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec. 23, 2015) (emphasis added) (collecting cases); *Anh Nguyet Tran v. Bank of N.Y.*, No. 13-cv-580 (RPP), 2014 WL 1225575, at *1 n.4 (S.D.N.Y. Mar. 24, 2014) ("[U]nder New York law, a trust is not a person that can sue or be sued, and litigation involving a trust must be brought by or against the trustee in its capacity as such"), *aff'd*, 610 F. App'x 82 (2d Cir. 2015).

Indeed, historically the New York courts have prohibited any action at law by or against a trust, holding trustees personally liable for debts incurred on behalf of a trust. *See O'Brien v. Jackson*, 5 Bedell 31

---

[8]     The District Court was required to apply New York law. 28 U.S.C. 1652; *Royal Bank of Canada v. Trentham Corp.*, 665 F.2d 515, 516 (5th Cir. 1981).

(N.Y. 1901), East River Savings Bank v. Samuels, 284 N.Y. 470, 476-7, 31 N.E.2d. 906 (1940).  While the rule has been relaxed in recent years, the presumption of personal liability on the part of the trustee, rather than the trust, remains.  Society Generale v. U.S. Bank National Ass'n, 325 F.Supp.2d 435 (S.D.N.Y. 2004) ("While a trustee may, under certain circumstances, be indemnified for contracts made in his capacity as trustee, liability will ordinarily lie against him in his individual capacity.") (internal citations omitted); Sisler v. Security Pacific Business Credit, Inc., 201 A.D. 216 (1st Dept. 1994) ("[A]s to third parties a personal obligation on the part of the trustees is created **and the third party may not look to the trust estate to satisfy his obligations**."), citing East River, 284 N.Y. 476.[9]

Similarly, Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest," and the failure to do so may result in dismissal.

---

[9]    More broadly, New York prohibits any unincorporated association, business trust or otherwise, from, being sued or filing suit in its own name.  Such entities can only sue or be sued in the name of their president, treasurer or other similar officer.  N.Y. Gen. Assoc. Law §§ 12-13 (McKinney's 2016); Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, N.Y. Citation, 250 F.Supp.2d 48, 59-62 (N.D.N.Y. 2003) (Dismissing case filed in the name of an unincorporated association).

Several New York courts have concluded that the trustee is the real party in interest where actions involve CMBS and RMBS trusts. See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 180 F. Supp. 2d 465, 471 (S.D.N.Y. 2001) (Holding that the trustee and not the special servicer was the "real party in interest" because "the mere fact that the PSA assigns certain duties to [the special servicer] in connection with maximizing recovery of defaulted loans does not affect the basic premise . . . that a trustee of an express trust is the real party in interest when suing on behalf of that trust"); U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 859 F. Supp. 2d 602, 609 (S.D.N.Y. 2012) ("[I]t is the citizenship of U.S. Bank, the Trustee and the real party in interest, and not Torchlight, the special servicer and representative, that matters for the purposes of assessing diversity jurisdiction"); Bank of Am., N.A. v. 3301 Atlantic, LLC, 2012 WL 2529196, at *4-5 & n.10 (E.D.N.Y. June 29, 2012).

In sum, New York law contradicts the District Court's conclusion that Trust is a distinct legal entity with authority to file suit in its own name and there is no basis to hold that the Trust, rather than the Trustee, is the real party in interest in this case.

## C.    The Plaintiff is an "active" Trustee.

The Trustee is "active" as that term is used in Navarro, which is to say that its control over the assets in its name is "real and substantial".  Pursuant to the terms of the PSA, the Trustee holds all legal title to the Trust's assets and manages those assets for the benefit of the registered holders of the Trust.  ROA.276, 279, 287.  On the Closing Date (as defined in the PSA), the Trustee was assigned, without recourse, for the benefit of the registered holders and others, "all right, title and interest" that the Depositor had to the mortgages.  ROA.276.  "The plain meaning of these words ordinarily includes the power to bring suit to protect and maximize the value of the interest thereby granted."  Wells Fargo Bank, N.A., Tr. v. Konover, 2009 WL 2710229, at *3 (D. Conn. Aug. 21, 2009), aff'd 630 F. App'x 46 (2d Cir. 2015), cert. denied., 136 S. Ct. 1699, 194 L. Ed. 2d 772 (2016), quoting LaSalle Bank Nat. Ass'n v. Lehman Bros. Holdings, 237 F. Supp. 2d 618, 633 (D. Md. 2002).  Further, the PSA specifically acknowledges the Trustee's right to file suit in its own name as Trustee.  ROA.287.

Under similar circumstances, courts have consistently held that trustees of mortgage trusts are "active trustees" and real parties in

interest for purposes of diversity analysis.  See, e.g., U.S. Bank Nat. Ass'n v. DRG Crums Mill RI, LLC, 2013 WL 4500655, at *5 (M.D. Pa. Aug. 21, 2013) (trustee of commercial mortgage trust was real party in interest for diversity analysis); Bank of Am., N.A. v. 3301 Atl., LLC, 2012 WL 2529196, at *5 (E.D.N.Y. June 29, 2012) (same); Wells Fargo Bank, N.A. v. CCC Atl., LLC, 905 F. Supp. 2d 604, 612 (D.N.J. 2012) (same); U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC, 859 F. Supp. 2d 602, 607 (S.D.N.Y. 2012); Konover, 2009 WL 2710229, at *3 (same); Lehman, 237 F. Supp. 2d at 633 (same); Wells Fargo Bank, N.A. v. Mitchell's Park, LLC, 615 F. App'x 561, 563 (11th Cir. 2015) (same).  There does not appear to be any contrary authority holding that a trustee of a typical securitized mortgage trust is not "active" as the term is used in Navarro.

## III.    The District Court's decision conflicts with other post-Americold decisions.

None of the four post-Americold decisions addressing diversity jurisdiction where a trustee of a securitized common law trust filed suit in its own name agree with the District Court's analysis.  In each of these case the court followed the rule of Navarro and held that where a trustee, such as the plaintiff in this case, has filed suit to enforce loan documents held in its name, only the citizenship of the trustee is

considered for diversity purposes. The Bank of New York Mellon, as Trustee for the Benefit of the Certificateholders of CWABS, Inc., Asset Backed Securities, Series 2004-2 v. Townhouse South Association, Inc., 2016 WL 3563503 *3 (D. Nev. June 29, 2016) ("BNY Mellon is filing a lawsuit in its own name, thus '[its] citizenship is all that matters for diversity.'"), citing Navarro, 136 S. Ct. at 1016; Halley v. Deustche Bank Nation Trust Co., as Trustee for Morgan Stanley Abs Capital I Inc., Trust 2004-he3, Mortgage Pass Through Certificiates, Series 2004-he3, et al., 2016 WL 3855872 (S.D. Tex. July 15, 2016) ("The Supreme Court's recent Americold holding reaffirmed the holding in [Navarro] that 'when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.'") (citations omitted); HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-1 v. Johnson, 2016 WL 1626219 (S.D. Tex. April 25, 2016); U.S. Bank v. UBS Real Estate Sec. Inc., 2016 WL 4690410, at *15 (S.D.N.Y. Sept. 6, 2016) ("The Trusts in this case are not analogous to the investment trust in Americold, and the citizenship of the Trusts' individual members is not relevant to determining diversity jurisdiction. In contrast to a Maryland

real estate trust, the Trusts have no power to sue on their own behalves and the Trustee alone is responsible for the corpus of the Trusts.").

## CONCLUSION

Americold reaffirmed the rule that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." 136 S.Ct. at 1116. The Plaintiff/Appellant is an active trustee of New York common law trust which filed suit in its own name to enforce loan documents held in trust. The District Court's holding that the citizenship of the beneficiaries must be considered because the Trustee "has not truly filed suit it its own name" is irreconcilable with Navarro. ROA.305. There is no language in Americold or any other case permitting courts to determine if an active trustee filing suit in its own name has done so "truly" and Navarro does not permit any jurisdictional distinction between "business" and "traditional" trusts.

# PRAYER

The Trustee respectfully requests that the District Court's Order dismissing this case based on a lack of diversity jurisdiction be overturned and that this matter be remanded for further proceedings.

RESPECTFULLY SUBMITTED this 4th day of October, 2016.

/s/ Brent W. Procida
Gregory A. Cross
Brent W. Procida
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202

Attorneys for Appellant

<u>**CERTIFICATE OF SERVICE**</u>

I, Brent W. Procida, do hereby certify that I electronically filed the foregoing with the clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record:

Steven Dominic Sanfelippo
Cunningham Swaim, L.L.P.
7557 Rambler Road, Suite 400
Dallas, Texas 75231
ssanfelippo@cunninghamswaim.com

In addition, the following counsel was served separately by electronic mail:

C. Gregory Shamoun
Shamoun & Norman LLP
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
g@snlegal.com

This, the 4th day of October 2016.

<u>/s/ Brent W. Procida</u>
Brent W. Procida

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), it contains 4455 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Century Schoolbook 14-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Century Schoolbook 12-point font.

Respectfully submitted,

BY: _/s/ Brent W. Procida_____
     Brent W. Procida

Dated: October 4, 2016